Case 7:11-cv-00953-VB   Document 45   Filed 12/12/11   Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STEVEN J. CHIROGIANIS, A.I.A., :
      Plaintiff, :
   :
v. : **MEMORANDUM DECISION**
   :
   : 11 CV 953 (VB)
MAX PARANGI, MAX PARANGI :
ARCHITECTS P.C., SPIROS MOSHOPOULOS, :
and EPSILON MANAGEMENT, LLC, :
      Defendants. :
------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Steven J. Chirogianis, A.I.A., asserts claims of copyright infringement under 17 U.S.C. § 101, et seq., against all defendants; breach of contract against defendant Spiros Moshopoulos; account stated against Moshopoulos; and quantum meruit against Moshopoulos and Epsilon Management LLC. Plaintiff also seeks foreclosure of a mechanic's lien against Moshopoulos. Defendants Max Parangi ("Parangi") and Max Parangi Architects P.C. (together, "Parangi defendants") have filed a motion to dismiss under Rule 12(b)(6). (Doc. #21). For the reasons set forth below, the motion is DENIED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

    For purposes of ruling on the motion, the Court accepts all factual allegations of the complaint as true. The Court recounts only those allegations relating to the claims against the Parangi defendants.

    Plaintiff Chirogianis is a New York architect. In 2004, he agreed with Moshopoulos to prepare architectural drawings for an office building project and obtain the required approvals and variances from the relevant governmental bodies. The project was located at 737 White

1

Plains Road, Eastchester, New York. Defendant Epsilon owned the property. Plaintiff also prepared architectural drawings for several configurations of retail projects on the premises. Plaintiff continued to perform architectural services for Moshopoulos through November 19, 2008.

Based on Moshopoulos's representation that plaintiff would be awarded additional work on the finalization of the project, plaintiff reduced his architect's fee to $29,757 plus reimbursable expenses. Moshopoulos has paid plaintiff only $10,000 for reimbursable expenses and has not paid any part of the architect's fee. Moshopoulos also failed to award plaintiff additional work on the finalization of the project.

Plaintiff is the copyright owner of the plans dated September 9, 2007, for six stores for which a variance would be required. The Register of Copyrights has issued two certificates of registration for these plans, both effective August 23, 2010. One certificate is for the architectural work, while the other is for the technical drawing.

Plaintiff alleges that Moshopoulos and/or Epsilon, without plaintiff's authorization, gave the copyrighted plans to the Parangi defendants to be copied. The Parangi defendants copied the plans without plaintiff's authorization made minor modifications, and then filed the plans, under Parangi's name and seal, with the Town of Eastchester.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73

(1984). The claims must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleader is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). To determine which allegations it may consider, the Court first identifies conclusory pleadings that are not entitled to the assumption of truth. Id., 556 U.S. at ___, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Parangi defendants seek dismissal of all claims against them on the grounds that there are insufficient allegations in the complaint to support a claim for copyright infringement and, in the alternative, their plans are not substantially similar as a matter of law.

"The test for infringement of a copyright is of necessity vague." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960). The question of infringement is generally one for the trier of fact. See Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 911 (2d Cir. 1980) ("[T]he question of infringement is generally resolved by the fact-finder's prediction of the probable reaction of a hypothetical 'ordinary observer.'"). To state a claim for copyright infringement based on architectural plans, a plaintiff holding a valid copyright must allege: (1) defendants have actually copied his work; and (2) the copying is illegal because a substantial similarity exists between defendants' work and the protectible elements of plaintiff's work. Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 63 (2d Cir. 2010). To determine if two works are substantially similar, the Court considers whether an objective observer, "unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111

3

(2d Cir. 2001). Applying this test, the Court determines whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1001 (2d Cir. 1995).

When a work contains both protectible and unprotectible elements, the Court conducts a more discerning analysis. Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 123 (2d Cir. 1994). Under this test, the Court "extract[s] the unprotectible elements from . . . consideration and ask[s] whether the protectible elements, standing alone, are substantially similar." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d at 66.

Under either test, the Court need not "dissect [the works] into their separate components, and compare only those elements which are in themselves copyrightable." Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d at 1003. Rather, the Court is guided "by comparing the contested design's 'total concept and overall feel' with that of the allegedly infringed work." Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 133 (2d Cir. 2003).

The Court presumes that plaintiff's copyright infringement claims are based on alleged similarities between his designed facade included in Exhibit A to the complaint and the Parangi defendants' designed facade included in Exhibit D to the complaint. This presumption is premised on these being the only design elements attached to the complaint and a superficial similarity between the facades.

The parties assume, as does the Court, that actual copying has occurred. Therefore, the issue is whether plaintiff has alleged a substantial similarity between the parties' designs. The Court holds that the complaint, including the exhibits showing the parties' architectural drawings, states a claim for copyright infringement based on the similarities between the parties' designs. The Court makes no finding as to whether the designs are in fact substantially similar;

4

rather, the Court cannot conclude as a matter of law at this stage that the designs are not substantially similar. See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d at 64. Therefore, the Parangi defendants' motion to dismiss is denied.

The Parangi defendants also seek a judicial ruling that Epsilon is required to defend and indemnify them in this case. In support, the Parangi defendants submitted a copy of the relevant clauses of the Parangi/Epsilon agreement addressing indemnification. In response, Epsilon and Moshopoulos excerpted additional language from the agreement. Because the agreement was not included or referenced in the complaint, reviewing it would require the Court to convert the instant motion to dismiss into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). The Court declines to do so at this time. Therefore, to the extent it seeks indemnification, the motion is denied without prejudice.[1]

## CONCLUSION

For the foregoing reasons, the Parangi defendants' motion to dismiss is DENIED. (Doc. #21). The request for indemnification is denied without prejudice.

The Clerk is instructed to terminate the pending motion (Doc. #21).

Dated: December 12, 2011
White Plains, New York

SO ORDERED:

Vincent L. Briccetti
United States District Judge

---

[1] Although no party raised this issue, the Court questions the propriety of one defendant asserting a cross-claim for indemnification against another defendant through a motion to dismiss rather than through a cross-complaint. The Court believes the Parangi defendants' best course of action is to file a cross-complaint for indemnification and then file a motion for judgment on the pleadings as to the cross-claim.